**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHRISTINA M. LOPEZ, | No. 13-35718 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-1810-MJP |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted October 13, 2015
Seattle, Washington

Before: W. FLETCHER and FISHER, Circuit Judges, and WILKEN, Senior
District Court Judge.**

Christina M. Lopez appeals the district court's decision affirming an

administrative law judge's (ALJ) decision that she was not disabled as of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

\*\* The Honorable Claudia Wilken, United States Senior District Judge
for the Northern District of California, sitting by designation.

September 1, 2009. Lopez argues that the ALJ erred by improperly evaluating the medical evidence and improperly assessing Lopez's testimony to be less than fully credible. She contends that the district court erred in affirming the ALJ's decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

We review de novo a district court's order upholding a denial of social security benefits. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). The ALJ's decision must be upheld if it is supported by substantial evidence and based upon the correct legal standards. Id. Substantial evidence is more than a mere scintilla but less than a preponderance. Id. "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation marks omitted).

The ALJ properly gave Dr. Lundin's opinion controlling weight. Dr. Lundin's opinions were based on the surgery he performed on Lopez, x-rays following the surgery and Lopez's follow-up visits. The opinions were not contradicted by substantial evidence. See 20 C.F.R. § 404.1527(c)(2); Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007).

The ALJ gave "specific and legitimate reasons that are supported by substantial evidence" when she gave less weight to the contradictory opinions of

Lopez's other treating physicians. <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ properly identified the opinions as conclusory and inadequately supported by clinical findings, or identified other clear and convincing reasons for discounting them.

The ALJ did not err when she gave the testifying medical expert's opinion significant weight. The opinions of Dr. Lundin and Dr. Bernardez-Fu and other medical records supported Dr. Ghazi's opinion. Lopez argues that Dr. Ghazi's opinion was contradicted by treatment notes from her physical therapist. However, to the extent the physical therapy notes contradicted Dr. Ghazi's opinion, they were conclusory and did not provide better supporting evidence or a better explanation for the opinions they provided. <u>See</u> SSR 06-03p, 2006 SSR LEXIS 5, *12-13 (Jan. 1, 2006).

Finally, the ALJ properly found that Lopez's testimony was not credible. There were multiple discrepancies between Lopez's testimony regarding her limitations and evidence in the record regarding her activities of daily living. In addition, the ALJ cited several instances in which Lopez testified to symptoms and limitations that were contradicted by evidence in the record. Even if the ALJ's conclusion on some of those instances was erroneous, that would not "negate the validity of the ALJ's ultimate credibility conclusion," which was supported by

other "substantial evidence" in the record. <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ properly considered the medical evidence and properly assessed the credibility of Lopez's testimony when she found that Lopez was not disabled.

**AFFIRMED.**